UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-01655-AB (MRWx) | Date: | May 26, 2020 |
|---|---|---|---|

| Title: | *Geraldine Anderson, et al. v. Smithfield Packaged Meats Corp., et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER **DENYING** MOTION TO REMAND [DKT. NO. 24]

### I.   INTRODUCTION

Before the Court is Plaintiffs Geraldine Anderson's, Yolanda James's, and Yvonne Frazier's ("Plaintiffs") motion to remand this case to California state court. (Dkt. No. 24.) Defendant Smithfield Packaged Meats Corp. ("Defendant") opposes Plaintiffs' motion. (Dkt. No. 46.) The Court found this matter suitable for decision without oral argument and took Plaintiffs' motion under submission. (Dkt. No. 57.) For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

### II.   BACKGROUND

Plaintiffs filed this action against Defendant, Aerotek, Inc., and Jamie Doe in the Superior Court for the State of California, County of Los Angeles, on December 31, 2019. (Dkt. No. 1). In their initial complaint, Plaintiffs alleged violations of California's Government Code, Civil Code, and Business & Professions Code. (*See* Dkt. No. 1-1 at 3.)

On February 20, 2020, Defendant removed Plaintiffs' suit to this Court. (Dkt. No. 1.) In its notice of removal, Defendant contends that there is complete diversity of citizenship among the named parties, as Plaintiffs are citizens of California, whereas Aerotek, Inc. is a citizen of Maryland and Defendant is a citizen of Delaware and Virginia. (*Id.* ¶¶ 10–12.) Further, Defendant contends that the amount in controversy requirement is met, as evidenced by a settlement letter valuing Plaintiff Geraldine Anderson's claims at $85,200. (*Id.* ¶ 16.) Plaintiffs now move to remand this action, arguing that complete diversity among the parties is lacking, and the amount in controversy requirement is not met.

### III. LEGAL STANDARD

Federal courts have diversity jurisdiction over an action where there is complete diversity among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In determining whether there is complete diversity of citizenship among the parties, "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *see also Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCx), 2020 WL 1650750, at *3–*5 (C.D. Cal. Apr. 3, 2020). With respect to the amount in controversy, Defendant bears the burden of "prov[ing[ that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *See Fritsch v. Swift Trans. Co. of Az, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). With respect to both elements of diversity jurisdiction, "[t]he right to removal is dependent upon the existence of original federal diversity jurisdiction as stated by the pleading at the time the notice is filed." *See Arreola v. Fore Motor Co.*, No. CV09-8038 ODW (PLAx), 2010 WL 11515265, at *1 (C.D. Cal. Mar. 3, 2010) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

### IV. DISCUSSION

#### a. Defendant has shown that there is complete diversity of citizenship among the parties

First, with respect to the parties' citizenship, Plaintiffs argue that complete diversity of citizenship is lacking, as Defendant Jamie Doe is a citizen of the state of California, as are Plaintiffs. (*See* Dkt. No. 24 at 9–11.) However, as Defendant correctly argues in opposition, in determining whether diversity jurisdiction is present, "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1). Accordingly, because the Court must

disregard Defendant Jamie Doe's citizenship, and because the pleadings demonstrate that the remaining parties are completely diverse, Plaintiffs' argument is unavailing.

### b. Defendant has shown that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence

Second, with respect to the amount in controversy, Plaintiffs argue that less than $75,000 is at issue in this litigation, as evidenced by declarations submitted by each individual Plaintiff in support of this motion. However, prior to removing this case, Defendant received letters sent by each individual Plaintiff, each of which offered to settle for an amount over $75,000. (*See* Dkt. Nos. 47-4, 47-5, 47-6.) In their declarations, Plaintiffs offer no evidence showing that their initial demand letters were not an accurate assessment of their damages. *See Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Because Plaintiffs' initial demand letters were a reasonable estimate of Plaintiffs' claims, and because Plaintiffs have not submitted evidence to the contrary, Defendant has shown that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **DENIED**.

**IT IS SO ORDERED**.